Proceeding now in the case of United States v. Benjamin McMiller Ms. Hester? Yes, once you're settled, I didn't mean to rush you there. Good. Helpful. May it please the Court, Anne Hester representing Benjamin McMiller. When it sentenced Mr. McMiller, the District Court made two reversible errors that both severely restrict Mr. McMiller's First Amendment rights and will make it extremely difficult for him to support himself when he's released from prison. First, as courts in our district do in every sex offense case, the District Court here incorporated a standing order adopted in 2016 which includes a ban on using computers, the internet, and social media and it did so without any explanation. Twice in the past year in United States v. Ross and United States v. Robleski, this Court has vacated similar bans when the District Court failed to explain them. Those cases made clear that when it imposes these special conditions of supervised release, the District Court has to make an individualized assessment which includes whether the conditions involve no greater deprivation of liberty than is reasonably necessary to serve the permissible sentencing purposes of supervised release conditions. And in Ross, the Court made the same type of general statement that the Court made here when it imposed these conditions, and that was plain error. Here the Court merely told Mr. McMiller that he was being placed on supervised release for life and that he shall comply with the standard conditions of supervised release and the standard sex offender conditions of supervised release. As in Ross, that statement doesn't allow this Court to determine the rationale for imposing these very serious conditions for life. Isn't there a difference with Ross in that in the Ross decision, I think the Court said there was no explanation, not a sufficient explanation for the sentence at all. But here we have, I think, a model explanation of the 3553A factors and all the reasons for the sentence, and we have cases saying that we can read that explanation to apply to the entire sentence, including supervised release conditions. So why doesn't that distinguish this case? Well, I think there's a couple of questions folded in there. The first one is the distinction between this case and Ross. And in Ross, I think it's important to note that the failure to explain problem with the sentence of imprisonment in Ross was the fact that the Court didn't respond to the defendant's arguments in mitigation. And yes, we don't have that there. But the Court did give an explanation for that sentence in Ross, and when it looked at the explanation for the conditions of supervised release, it did not refer back to the sentencing explanation given for the term of imprisonment when it was considering the explanation for the supervised release conditions. And then I pointed out to the Court in the 28J letter, the Court did the same thing in the DaCosta case, I believe that's a little bit more recent, where it only looked at the explanation given for the supervised release conditions. And I think the other question refers to the unpublished decision in Huntley where this Court said that the explanation for the sentence of imprisonment was sufficient to explain the supervised release conditions. But first of all, it's an unpublished decision and it precedes Ross. But also, that was a different situation because it was not a severe condition of supervised release like this one. It didn't implicate any constitutional rights. And it was a mental health treatment condition that is also recommended by the sentencing guidelines. And the Court made findings that made clear that it was consistent with the sentencing guidelines to impose that sentence. So I think that goes back to the question of what explanation is required under these specific circumstances. I don't know if you represented your client below, but was any objection to the conditions raised in the District Court? Or was it just the length of supervised release? It was just the length of the prison term and the length of the sentence. And I guess there was, I correct myself, there was a discussion about, there was a request for probation to be able to modify the conditions and the Court did grant that request. That's right, although actually that didn't wind up in the written judgment. But that's correct. So, yes. So the Court, from your perspective, the Court has to explain each of these, in a sex offender case, these kind of more egregious, not egregious, these more burdensome conditions. In every case, whether there's an objection or a request for an explanation, basically you can't have a standing order like this in that circumstance, right? Where a court can't just say the standing order applies, the Court has to go through and explain why each condition applies to this defendant. I don't, that's not what I'm arguing. I don't think that the Court has to explain why each special condition applies, but I do think that when you're talking about a condition that severely restricts a constitutional right, like the First Amendment, that then it is incumbent upon the Court to explain it. And furthermore, even if you look at the explanation that was given in this case, that explanation doesn't address one of the most important considerations in imposing a condition of supervised release, especially when we're talking about restricting someone's First Amendment rights. And that is whether it involves no greater deprivation of liberty than reasonably necessary. And that is a critical consideration here, and more than likely if the Court had been required to go through that analysis in this case, it would have tailored this restriction in some way. Because this is just a run-of-the-mill child pornography case. You know, we see the circumstances of this case, we see a very high percentage of child pornography cases. So that's my argument, but I think that this particular condition does require more explanation. We do believe that the explanation is insufficient under either abuse of discretion or plain error analysis. And even though we believe that the Court should vacate on that ground, we're asking the Court to go ahead and instruct district courts about how to deal with this particular condition, because we're seeing it over and over, even after Ross and Robluski. You're really asking us to then engage in dictum, aren't you? Just because it would be helpful for the district courts to know these things. Once there's procedural error, isn't that the end of it? You send it back, the sentence is defective. How can we then opine on this? And I agree with you, this opt-out order is very curious, you know, that the Western District has for these cases. But how do we even get there if the sentence is procedurally unreasonable? I think you can get there by instructing the district court how to handle this on remand, to give it some parameters to help it. But the error is the failure to explain, assuming that we agree with you. Let's just assume that for now. So we say that the error was committed because there was no individualized explanation for this very serious imposition or restriction of the defendant's liberty. Send it back to the court to explain. I think that's true, but I think that it would be very helpful for this court to instruct the courts about what exactly they have to explain. For instance, I think it would be very helpful to be in a published decision explaining to courts that Packingham establishes that an individual has a constitutional right to access the Internet and social media. And the court did that in Robluski, but it's an unpublished decision. So I think it would be very helpful to have that in a published decision. I think you're right. Too many years ago, practice law, I got it, what you mean. It's nice to go back where the court knows exactly what it's supposed to do. But as Judge Keenan points out, the Codd case sort of locks us in. It says if we decide the procedural unreasonableness, and then they said we cannot review the sentence for substantive reasons. Right. So when you get to that level of at least precedent that looks like precedent, even we call it dicta, whatever, it then comes down to, well, are the instances you would do it? And maybe they are. But you're getting one of these amorphous areas that the Supreme Court throws us back in all the time, and that is make a rule that says, okay, you've got to explain it. But to then start cabbing and says this is how you do it, it really puts the appellate court kind of in a position of we've got to think of all the ways you can do it. And there may be a lot of ways it can be done. There may be a lot of reasoning that might fit within it, and there may be a lot that wouldn't. And the danger would be if we sent it back and say, here's how you do it, exactly how you do it, then everything outside of it, you know, you'll be coming up saying, well, this is sort of meeting what you say is exactly good enough. So I said, no, this is what you should do. And sometimes it needs to bubble up to the appellate court as to, you know, we may not know exactly how it's done. We know that there has to be a reason. And your argument is, unlike the Ross case, where there was reason for the sentence, for the conditions here and for what is because of the constitutional level of involvement here, you should give a reason. And that doesn't sound like a hard thing to do. I mean, basically just send it back to the court. I mean, at the end of the day, this just goes back to the court at your best honor. Is that correct? It just goes back for the court to, and then the court would have an opportunity to articulate such reasons. Is that correct? That's correct. But I think it would be very helpful, even if the court is unwilling to engage in what Judge Keenan, what you view as dicta and explaining, you know, this is what is required in order to impose this. I think it would be very helpful to be more specific about what is required in the explanation, for instance. Well, what we haven't gotten yet, though, is an explanation in any case on conditions. And so once he gives the explanation, we're probably, I guess you're trying to say find a way so it won't come back. That would be fantastic. Of course, I'm willing to bring it back again if necessary, but I think it would be helpful. I don't know how you avoid it. Because if the trial court doesn't do exactly what we say, it's going to come back. If it doesn't do exactly, if it says we didn't find these things, and you said, no, it could have found this, and the court might have meant that. I don't know how you're going to avoid that. So the answer to your question is really that it's something possibly we could do, but from Judge Keenan's perspective, following the Carter case, it's unlikely the court could do such a thing. But I received what you said that would be helpful. Well, and I'd like to make one more point just about the explanation, though, because the explanation requires the court to explain this additional requirement under supervised release conditions that the condition involved no greater deprivation of liberty than reasonably necessary. And I think that if the court instructs district courts that they have to specifically address that particular consideration, that that would be very helpful in causing courts to tailor these restrictions, and then maybe you don't have to keep hearing this issue over and over again. Because the courts obviously are not doing that when they're imposing these complete bans on Internet, computer Internet and social media use. I would like to take a moment to talk about the district court's second mistake. It's plain error in imposing the $10,000 assessment under Section 3014. It plainly erred when it imposed that assessment because even assuming that the term non-indigent allows the court to consider future earning capacity, undisputed evidence in this record demonstrated that Mr. McMiller will continue to be indigent after his release from prison. This case is not like other cases in which a 3014 assessment has been imposed because of his enormous debt and his lack of assets. He had $50 in the bank and a 15-year-old car that was worth less than the loan on the car, and he has over a quarter million dollars of non-dischargeable student debt that is incurring interest for every day that he spends in prison. Wasn't there evidence that he intended to enter a different line of work? He obviously couldn't continue teaching small children, but once he was out of prison, he intended to enter a different line of work. He has many advanced degrees. He seems very capable of working for a living. Why was it plain error for the district court to think that he would be able to work? Because even if the field that his lawyer pointed out was that he could be a truck driver, but even taking that into consideration, first of all, he has this computer and Internet ban, and even truck drivers have to use computers in their jobs, but even aside from that, if he's able to work as a trucker, his income still isn't likely to overcome the bar of indigence because that is a relatively low-paying job, about $30,000 a year in the county where he lives, and that is just barely over a living wage. It doesn't even take his debt service. Was that evidence before the district court who makes how much a truck driver makes and what the cutoff is for the poverty line or whatever the stats are you're talking about? No, it's just information that's readily available, Your Honor. Ms. Hester, if we say that the sentence is procedurally unreasonable, again assuming, do we get, and I hate to be a stickler again, but do we even get to the issue of the fine? In other words, if the sentence is defective and has to be vacated, do we then pass judgment on the fine as well? I think you can because the only argument about procedural reasonableness that we're making here is related to the conditions. Okay, but what if we disagree with you on the fine, okay, and say that in conjunction with the three other circuits that have considered this issue, we agree that this was not an abuse of discretion, then will we have affirmed part of a sentence but reversed part of a sentence and is, in fact, that appropriate? I've never heard of a sentence, I've heard of a judgment being affirmed in part and reversed in part, but I haven't heard of a sentence being reversed in part and affirmed in part. Have you? Well, yes, actually. That's what happened in DaCosta and Robluski where the court just vacated the conditions as procedurally unreasonable and Affirmed the rest of the sentence? Yes. Or sent it back? Sent it back, but, I mean, the implication is that the conditions are the only thing that is vacated and the rest of it remains in place. Okay, and you're saying the court did say that? Okay. I'll take a look at that. In those two cases, yes. Thank you. Mr. Enright? Thank you, Your Honor. May it please the court, Anthony Enright for the United States. The district court acted within its discretion when it required Mr. before using Internet-connected devices and social media and social networking accounts. Because Your Honor's talked at length with defense counsel about what might be helpful to the district court, I want to start by saying I think the thing that would help the district court more than anything else would have been an objection from the defendant specifically identifying what he did or didn't want the court to do and the grounds for it, which is exactly what he's required. Let's take it we're here on plain error review. Pardon me, Your Honor? Let's take it we're here on plain error review. I think so, Your Honor. Absolutely. Under Lynn and I think we've got about – Your Honor says it doesn't matter. Whether it's abuse or plain error review, the outcome is the same. Well, I guess I agree with that part of the proposition because I think whether it's abuse of discretion or plain error – It goes your favor. Right. The court acted within its discretion. The court specifically explained – But the question here really comes from the Ross case. And the question – there's no question that the court is obligated to give an explanation with regard to the conditions. The question is what Judge Ruskin alluded to is by this case has at least more explanation. And so far as the sentence is concerned, the case is a sentence explanation can fall over. The question here is that enough to meet the requirement that the court articulates reasons for the conditions of special probation, special release? So it's a case-by-case determination, Your Honor. And I think in this case it is. There's one standard. There's one requirement. 3553C requires that the court set forth its explanation for the sentence. This court has held and a bunch of other courts have held and I don't think there's any court that's gone the other way and said you have to specifically explain part one of the sentence and then say I'm turning to part two of the sentence, restitution, I'm turning to supervised release. What within that explanation would lead us to believe that this court gave any explanation for why it was imposing this special condition and understand this special condition does have enormous constitutional implications because of the First Amendment? A couple points to that, Your Honor. First, what in the court's explanation is on page 65? What satisfies that requirement? 68 and 69 of the joint appendix. Speak to what it is. I understand the pages, but I'm trying to read it. I'm trying to get you to help me to understand what you think it is. I'm sorry, I don't mean to talk over you, Your Honor. Certainly, that's fine. The court stated that it was particularly significant that this defendant used a social networking platform, Omegle, consciously used that platform, which is for the free exchange of ideas, including with children, including for news, for debating things, the same ideas talked about in Packingham. He used it to distribute child pornography, and he used an Internet-connected device to amass a collection of particularly heinous things. Isn't that what a home is? Anybody who's in child porn, isn't that basically what it's being? That's the basic now. The computer's used in it. I mean, it's just rampant. Your opponent indicated probably quite accurately this is not that unusual of a time. You got people to find them on the web, surfing, and you go in, you catch them with child porn. I have a couple answers to that, Your Honor. First is that where it is not is in Warblowski and Ross. There's nothing in those cases that indicates any computer was used, and, in fact, Warblowski makes that specific. There's no indication of that. Second is, yes, oftentimes people do use these technologies to exploit children, either through distributing child pornography or by seeking out children, and that is exactly why these conditions need to be broad enough to encompass the varied technologies that the Internet facilitates. I want to make sure where we're going with it. If your argument is that in every case, which is a child porn, that the use of a computer was involved in some particular vehicle, whether it's this particular one or not on a computer, a mere statement or not, I don't want to use the word mere, a statement that a trial court makes for the rationale of the sentence that includes that he used it is sufficient for him to have also been said to have given an explanation that allows the special conditions of a lifetime ban without the help of a lawyer. No, Your Honor. A couple points to that. It's a fact-specific case, and it may well be that a lot of times, and that's why this court should conduct, or the district court does conduct an individualized determination, and he did in this case. Well, how does what the district court said pertain to a lifetime ban? I understand your point. These are terrible cases, and yes, a period of time, it might be appropriate to ban them, these defendants, people convicted of these crimes, but what about the something pretty extreme? Don't we have to be able to glean something from what the district court said that goes to the lifetime? I understand computers are used, the opportunity for proliferation of this kind of heinous information. No question. So the court did address that. But lifetime ban. There's nothing here. So I don't understand how you can get beyond that in this case. Well, Your Honor, a couple points. First, the defendant, although they asked for a lower timeline in the district court, has not renewed that in this court. Second, the district court did address that in two specific ways. First, it included the probation officer's approval. And second, when the defendant asked specifically after he imposed the sentence, you know, I'm fully aware of these conditions and I know they can be somewhat harsh. The specific relief counsel requested was can you give the probation officer discretion to modify them? And the court agreed. And because that's the oral pronouncement of the sentence, that is part of the sentence, whether it's in the judgment or not. So are you asking us to say then as a matter of law when a computer is used that the court cannot be said to have abused its discretion by banning use of the Internet? No, Your Honor. It sounds to me you're saying something pretty close to that. No, Your Honor. But you do have to – there are some things that the Supreme Court has explained mitigate the required – permit a very brief discussion. One of those is where the court addresses all the defendant's arguments. Here it's conceded the defendant – the court did. Another is when the condition is – or the sentence is endorsed by the Sentencing Commission. Here a lifetime provision is specifically a lifetime provision limiting access to computers and information exchange because those were used in the offense. So it is a circumstance where the Supreme Court has held a discussion need not be lengthy. But there must be some discussion. There must be some discussion, Your Honor. One of the important things here, Judge Conrad, a very thoughtful judge, in getting the sentence and looking at the guidelines, he eliminated that computer adjustment business. He said that's pretty much in every case. So that lets you know right from the beginning he's not doing anything special in that sentence because of the computer. In fact, he even got rid of the computer adjustment aspect because that's in every case. And I think what that then highlights to you, and I don't know why it's so difficult. Would it be difficult to simply send it back and ask the judge, articulate reasons as to why this special or in this instance a standard condition, because I think this is what they've already enacted in that district, is being imposed. I mean, that sounds like it's a little work, but it would make it clearer. You're talking about making it clearer for the district court, for you, and for everybody else. You would know from now on you want to impose that just articulate a reason. Now, whether it's sufficient or not is another question, but at least articulate a reason rather than the general statement that goes with or a statement dealing with the sentence, where you already say I'm taking out of the computer adjustment because that's in every case. Well, Your Honor, I think it is relevant, whether it's an abusive discretion or a plain error standard. What's relevant to what the court has to articulate are the arguments that the defendant offered. It would have been easier, far easier. No, this is the court's duty, and that's why plain error is a very poor fit in this situation. The court has an obligation to explain its sentence, and here the court just relied on this form order, which by definition is not particularized to any individual defendant, and that's the court's duty. It doesn't matter if the defendant says nothing. The court has to explain its sentence. I agree that the court has to explain its sentence, but the explanation of the sentence is one, as the Supreme Court said, I think, four times in Chavez-Meza, is one that reveals that it has addressed or discussed the arguments made by the defense or the parties that articulate that. You're saying then that if the defense makes no arguments, the court can simply say nothing, but sentence the defendant to 10 years in prison, lifetime supervised release, lifetime ban of the Internet, just because the defendant said nothing that the court has no obligation? That can't be the case. I wouldn't go nearly that far, Your Honor. Right. But isn't that the implication of the argument you're making here? No, Your Honor. I'm simply suggesting that a discussion need not be lengthy if the argument isn't made. The defendant specifically acquiesced, asked for a supervised release sentence of 10 years, told the court that it was familiar with the conditions that attach to sex offenders. So the defendant knew he was asking for that condition when he said 10 years, didn't ask the court to take that out, didn't say it was overbroad. It's very closely connected to the offense in this case. How did he know why he was getting lifetime then? Well, Your Honor, because the court explained that it needed a significant deterrent sentence to prevent him from going on and actively on a social media website and actively promoting or distributing child pornography and amassing this collection of heinous things. He knows he's subject to those conditions to protect the public and to deter him from doing it in the future. And I want to mention something else which a lot of these cases overlook, which is that 3583C2 allows the district court to modify any one of these conditions at any time, informed by the relevant statutory standards. And so if in practice it turns out he doesn't need this condition at all or if in practice it prohibits him from getting a job or it limits his rehabilitation. Sometimes when things are done like this, they're really not difficult to fix. And you argue very forcefully and I think very effectively your point of view here. And yet when you look at the picture here, you say, well, what is being asked to be done? How difficult is it to send it back? Let Judge Conrad look at it. You may or may not simply articulate it. Your Honor, I'm just thinking at the end of the day, there are cases in which it would make the difference between day and night. This one is just saying it would tell courts in the future, let's avoid this problem as well as we have to interpret on a case-by-case basis. Let's just say you've got to give that explanation as to the special condition or the standard condition. And then the only question is, is that explanation sufficient? Why is that not easy to do? It does sound like it would be easy in this case, relatively speaking. What makes it difficult? What makes it difficult, Your Honor, is that it's routine for district courts to impose conditions of supervised release. It is not at all routine for district courts to tick off every single one on the record, even after providing it in writing with no objection. What if we're dealing with a lifetime ban in cases? We restrict it to those kind of cases. Not every special condition, but one that deals with one of this nature. Well, Your Honor, I suppose I feel like the ordinary standards tend to accommodate that. I've got that, but all we're saying is you've got to give a reason if you're going to take lifetime, a First Amendment right away. That's all we say. If you're going to take a constitutional right away for a lifetime, just give us a reason. We didn't tell you what the reason had to be, and probably that reason that comes up here is going to be very hard to overturn. Well, Your Honor, that may be. Unless it's just totally something that doesn't connect with it. I don't mean to be difficult, Your Honor. I really don't. You may disagree. No, no, you're not difficult. But I do think that's actually inconsistent with the standard, which gives the court, the district court, the initial discretion to do that. If this court creates a bright-line rule that says your explanation needs to include X. It does not create a bright-line rule. Just emphasize the rule already there. You have to give an explanation for the special condition. That's already there. You do, and the question is, is it sufficient to have given it in the sentence or some other part of it? And is that sufficient for it? And I'm saying get away from the ambiguity of what's been done there and just give the explanation for it, which is another sentence. It's a lifetime. It may be a burden on anybody else. But you're talking about going to a human being a lifetime. So what does it take a court to simply just articulate a citizen to why I'm doing this to you for a lifetime? Is that difficult? Your Honor, I believe, I honestly, perhaps we're not disagreeing because I think that might be the standard already. The standard has to give the defendant. The court has broad discretion in what the statement is, whether it goes through each one or whether it's one broad statement. But it does have to give the defendant notice and some information why he's going to be on that condition, and a particularly severe condition can get careful scrutiny under the court's current standard, Packingham didn't change that. Absolutely, and that may be the issue. It does appear that like the Ross case, there is no explanation as to why the district court imposed this special condition. That may come down to, you say, maybe there is, because it's part of the sentencing or whatever. But in the purest form, as to that special condition, there is no explanation. Your Honor, so what I think, and I think this goes back, I think we are in more agreement than not in this sense. I think we've identified at least perhaps, I don't know if Your Honor disagrees, but what we're talking about now, I think there can be circumstances where one overarching explanation can cover even particularly significant or severe conditions. And there are going to be circumstances. And we are agreeing, but the point I'm making is, why not take out that question, whether it's overarching, and just say, when it comes to implementing a special condition, the court should simply articulate the reason. If it's above and beyond what's already required, that will not make things easier, because I think there's about several dozen special conditions in this case. Well, there's the special conditions that apply to sex offenders, and then there's also a standing order with normal special conditions that apply to any case. Yes, Your Honor. Some of them also, on first blush, seem to implicate the First Amendment. There's one about not going anywhere where controlled substances are legally sold. That would seem to implicate your freedom of association. You're not buying them, but you're going somewhere where they're sold to be with other people. Those would seem to also require an explanation. Your Honor, I certainly think the entire sentence requires an explanation. And what I think needs to be said about the specific conditions depends on the circumstances, and it does depend on what the parties say. And I think the standing order practice, I know the defense counsel has criticized it here, but what it does is it gives the defense a great amount of notice. It allows them the opportunity months in advance of sentencing to write a treatise on why they object to all these conditions or whether they don't. Or it allows them to do what they did here, which is to focus on other things and spend a very scant amount of time just saying drug dealers don't get this long, and that's all we want to say about it. I don't think there's anything particularly unfair about the standing order practice. I continue to sort of not quite understand why it's so difficult, even with all of the conditions that are there. We're talking about the judge's gave a detailed explanation on incarceration and the sentence. Then you have the special condition, whether it's standing or the special condition or whatever. All it's got to do is say, insofar as the implementation, the reason I'm giving these special conditions, the reason it's dah, dah, dah, dah, or it's a sentence, the reason is that you lump them all together. I'm not saying that can be done. I don't think you've got to go one by one on them. You can kind of put them categorically as to why you're doing it. In this instance, if you think of a computer, there may be some way you can work it out. It says, you know, because of this case here, this defendant has used this computer in this way, and I just proceed dah, dah, dah. The reason it could happen is this. That's it. To me, that's simple. I don't know why we have to keep – because I think we've got a bunch of these cases coming up here, don't we? Don't we have other cases like this? There are a few, Your Honor. And I'm saying, wouldn't that take care of it? I don't believe it would, Your Honor, because I think first of all – So we can't keep from having a bunch of these cases up here by simply saying to the trial judges, just give the explanation? Well, Your Honor, to the extent the court is saying that it would be appropriate to make the court say, this explanation applies to the special conditions of supervised release. For the reason that this is a lifetime imposition on one's First Amendment right or constitutionally guaranteed right. Your Honor, that is simple. To me, it's not a whole lot of work to do that. And I can probably tell you it'll develop in some ball-plate language. We're probably seeing the same stuff. I don't – I have to admit, I kind of disagree with you there. I think if you articulate a standard like that, you're going to see significantly more litigation only about whether the court used the right boilerplate phrase, about whether it's really a constitutional issue, about how important the constitutional right is, if it's lifetime, what if it's 10 years, 20 years, 30 years, what's going to implicate that and how the language needs to change for each one. That's why courts have to explain their sentence with regard to the particular individual and have to explain supervised release. I mean, you've been an attorney in the district court, correct? Yes, Your Honor. I mean, I've been a trial judge. It's just not a burden to tell people why something is being done in their case. Why aren't they owed that explanation? I just don't understand when prosecutors – I don't understand when prosecutors are resisting just an explanation because these are horrible cases, but even people who have done horrible things have a right to know why their freedom is being restricted. Your Honor, if I have come across as resisting that, that's my fault. I've miscommunicated because I don't resist that. Absolutely. He has a right to know why he's on supervised release if he's subject to these conditions. My view is that the court – first, that the standard gives the court discretion for how to articulate that, and I would urge the court not to impose a bright-line rule saying you have to do it a particular way, and I think that's consistent with the Supreme Court's admonition that the district court retains discretion for how to do that. But I do think the court has an obligation to explain a sentence in a way that informs the defendant of that, no matter what they're charged with. And where I think perhaps we disagree is I think the court did that in this case. I think the court made that very clear, and I think Mr. McMillan came across, heard that explanation, which I think spans six or seven pages in the record, and understood that he's facing significant restrictions on his use of social media and the Internet, subject to a probation officer's approval, because he used those things to commit child pornography offenses. In this case. That's not true in every case, but in this case. And that's why he faces them. And I see my time's quite a bit up, so I apologize for not asking for permission to go over, but I will. No, thank you. You were answering my points, so I appreciate that. I appreciate that, Your Honor. I'll conclude by asking that the court affirm. Thank you. All right, sir. Ms. Hester? The fundamental point that the government's argument is missing is that in order to tell a person why they're facing this extremely restrictive condition for life, the court needs to explain why less restrictive alternatives are not sufficient. That is the key problem here. And I think that Armelle and Robloski both make clear, and Ross as well, that that has to be part of the case. It has to be part of the explanation when a severe condition of supervised release is imposed, as these are. Tell me out on that now. You're saying that explanation has to be so broad as now to tell you why a lesser form would not be sufficient. That's not as Ross. You pulled it out from where? It is in Armelle and Robloski, where the court part of the explanation is that factor in 3583 that requires the condition to involve no greater deprivation of liberty than is reasonably necessary. So the explanation has to encompass that consideration, which requires the court to think about whether a less intrusive alternative would work just as well. And in a case like this, I mean, there are examples of that that are already included. Who would have thought the court would have brought that up in Ross? I mean, in Ross, basically, it had all of that. It was computed. Almost looks just like this case in some ways, except you've got a little bit more explanation on the sentencing part of it. But Ross, it just said it didn't explain why Ross was given any of the special conditions for life. It didn't say it didn't explain why you didn't consider an alternate means or some lesser means in which to do it. Well, I agree that the court did not specifically say that in Ross. I'm saying that's part of the consideration that is required under the statute and under Robluski and under RML in order to explain why a person is subject to these particular conditions for life. And I'm not saying that that's required in every case, because in some cases, for instance, mental health treatment, I mean, really there's nothing less intrusive that you can apply than that. I see. Okay. And there are examples in this case of, you know, the type of thing that would be a lesser intrusion, and they're already imposed in this case, like using monitoring software, warrantless searches, and already prohibiting any kind of computer contact with minors or any contact with minors at all. You know, those are the type of less intrusive conditions that could work in a run-of-the-mill case like this. So that's what I'm asking the court to do, is to send it back, but be specific with the instructions telling the court that this, in fact, this condition in 3583, this requirement, is something that the court has to specifically consider when it's explaining why the person is subjected to these very restrictive conditions for life. Okay. Thank you very much, Ms. Hester. We'll come down and greet counsel, and then the court will take a short recess and proceed to hear our final case. This honorable court will take a brief recess.
judges: Barbara Milano Keenan, James A. Wynn Jr., Allison J. Rushing